IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JANICE OUHRABKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| EXELTIS USA, INC. and MARC BEARDSLEE | § | |
| | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, complaining of Defendants Exeltis USA, Inc. ("Exeltis") and Marc Beardslee ("Beardslee"), would show as follows:

### Parties

1. Plaintiff is an individual citizen of Texas resident in this District.

2. Exeltis is a corporation and may be served with summons by personal service or certified mail through its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Beardslee is an individual who may be served with summons by personal service or certified mail at Exceltis' principal place of business at 180 Park Avenue, Suite 101, Florham Park, New Jersey 07932 or at his residence at 25 Lauren Lane, Sussex, New Jersey 07461.

### Jurisdiction

3. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331 based on Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

COMPLAINT – Page 1

Plaintiff's claim under Texas common-law and will have supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the Texas Labor Code.

Venue

4. Venue is proper in that the acts and omissions of Exeltis and Beardslee, or the effects of unlawful conduct of Exeltis and Beardslee, giving rise to Plaintiff's claims, occurred within this District.

Facts

5. Exeltis is the United States subsidiary of a Spanish corporation engaged in the sale of pharmaceutical products. Plaintiff, age 65, was employed by Exeltis as a regional sales manager between June 2016 and July 2019. During her employment, Plaintiff performed well, receiving merit increases and being even separate awards for Manager of the Year and President's Club Winner in 2017 and 2018.

6. During a portion of her employment, Plaintiff was one of a minority of three female regional sales managers of Exeltis, out of six total regional sales managers, within the United States. However, for a substantial period of her employment, and at the time of the termination of her employment, Plaintiff was the only regional female sales manager of Exeltis within the United States after the two other regional female managers resigned under less than strictly voluntary circumstances.

7. During her entire employment, Plaintiff along with numerous other female employees of Exeltis, including the other female regional sales managers, and multiple sales representatives subordinate to regional sales managers, mostly female, were subjected to sex discrimination by Beardslee. The sex discrimination included sexual harassment and sexual stereotyping and disparate, more adverse treatment of, Beardslee's female subordinates than his

male subordinates and disparate, more adverse treatment of, female sales representatives by comparison with male sales representatives. Also, after the termination of employment of the two female regional sales managers other than Plaintiff, Beardslee criticized the trustworthiness of at least one of them, Sheryl Clark, on account of her having claimed sex discrimination by him.

8. The multiple varieties of sex discrimination practiced by Beardslee included sexual harassment in the form of statements of prurient interest in female sales representatives. These statements included, but were not limited to, statements of Beardslee expressing, at a national sales meeting, that he had a desire to get naked with a female sales representative, and soliciting, in a telephone call, a personal (and thereby potentially sexual) relationship with another married female sales representative. Additional sexually harassing conduct by Beardslee relating to female sales representatives included his obsessive focus upon one particular female sales representative, Mallory Tucker ("Tucker"), noted by at least two other regional sales managers and other sales representatives, a remark by Beardslee to a female sales manager, Jessica Brooks, that, if she was not married, he would "go after" her, and remarks by Beardslee, witnessed by Maggie Kapp, a female sales representative, to Tucker and Natalie Trien ("Trien"), another female sales representative, asking the salacious questions "what turns ou on?" and "what are your vices?"

9. The multiple incidents of disparate treatment by Beardslee of female subordinates as compared to male subordinates, at both the regional sales manager level and the sales representative level, included conduct and statements of the kind described in paragraph 8 and other offensive conduct and statements of kinds not made to male employees of Exeltis, including personal questioning of female sales representatives with no obvious work-related

purpose, leading multiple female sales representatives and the two other female regional sales managers to seek to leave the employment of Exeltis on account of such conduct and statements. No male employees of Exeltis at the level of either regional sales manager or sales representative made complaints about Beardslee or similarly sought to leave Exeltis on account of statements of the kind described in paragraph 8 or other offensive statements not made to male employees of Exeltis. Also, Beardslee sought to befriend several female sales representatives, not limited to Jessica Brooks, on social media, but did not engage in similar conduct with respect to male sales representatives.

10. The multiple incidents of disparate treatment by Beardslee of female subordinates as compared to male subordinates, at both the regional sales manager level and the sales representative level, also included favoritism for male sales manager peers of Plaintiff. In 2016, female regional sales manager Sylvia Colón had the best performance as a United States regional sales manager, but Bill Evans, another United States regional sales manager, was given the Manager of the Year award. In 2017, the two top performing regional sales managers, one of whom was Plaintiff, were both females, and they were, in light of their performance, promoted to senior regional sales manager, but, unlike two male sales managers also contemporaneously promoted to the same position, even though not within the top two, did not receive promotion-related raises. Also, after a management meeting at New Jersey headquarters in May 2019, in connection with consideration of a new assistant manager program, Plaintiff was subjected to questioning by Beardslee whether she was "happy" with the program after she simply expressed misgivings about it based on an experience at another employer even while male regional sales managers who similarly expressed concerns were not similarly chastised.

11. The multiple incidents of disparate treatment by Beardslee of female subordinates as compared to male subordinates, at both the regional sales manager level and the sales representative level, also included other disparate treatment of Plaintiff by comparison with male regional sales managers. Among other things, after Plaintiff hired a particular sales representative, Beardslee confessed to her that he had withheld from her information about the individual having had food stamp fraud charges made against her. Plaintiff did not similarly omit to provide important information to male regional sales managers.

12. Female sales representatives and female regional sales managers of Exeltis, including Plaintiff, complained to Beardslee or Nicoelle Jolly ("Jolly"), director of human resources of Exeltis, about some or all of the conduct of Beardslee referred to in paragraphs 8, 9, 10 and 11. Plaintiff specifically complained to Jolly of the sexual harassment of Tucker and Trien, and complained to Beardslee of his sexually stereotyping of her, which Beardslee actually characterized as a complaint of sexual harassment by Plaintiff, but no action prior to the termination of Plaintiff was taken to arrest Beardslee's pattern of sexually harassing and otherwise sexually discriminatory conduct. Beardslee was actually promoted to vice-president of sales from national sales director prior to Plaintiff's termination. After Plaintiff was terminated, moreover, Beardslee did not hire any new female subordinates as regional sales managers, but hired a male as a regional sales manager, making the all-male total of regional sales managers six when he did so. After Plaintiff's termination, females given positions above the level of sales representative were made assistant managers only and Beardslee was not responsible even for that.

13. After Plaintiff complained to Jolly about sexually discriminatory conduct of Beardslee and complained to Beardslee about sexual stereotyping by him, Jolly reprimanded Plaintiff in connection with an email sent by one of her subordinates to Jolly despite an open-door policy at Exeltis for all employees and the consequent inability of Plaintiff to prevent a communication to Jolly from being made by that subordinate.

14. During a President Club's meeting in Spain in May 2019, Beardslee, in the presence of Jolly, Salustiano Perez, Exeltis's chief executive officer, and many other United States and overseas regional sales managers and sales representatives and spouses, stated that on occasion he felt the urge to deal with Plaintiff by "hopping on a plane to Texas with a concealed handgun license." The statement was defamatory of Plaintiff in suggesting that she was justifiably threatened with being shot and killed, or both.

15. On July 24, 2019, Plaintiff was favorably evaluated by Beardslee in a quarterly human resources assessment, and Beardslee reiterated his complimentary evaluation of Plaintiff's performance in a follow-up email.

16. By letter dated July 29, 2019, Plaintiff's employment was terminated effective July 31, 2019. The reasons given for the termination of Plaintiff were pretextual. In all events, Plaintiff's sex was a motivating factor in her termination and her complaints of unlawful conduct by Beardslee against herself and other female employees of Exeltis also led to her termination.

17. Plaintiff, as a consequence of her termination, has suffered economic damages in the form of lost compensation and benefits.

18. Plaintiff, as a consequence of her termination, has suffered compensatory damages in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary damages.

## Claims

19. For cause of action, Plaintiff would show that she was subjected to sex discrimination and retaliation in violation of the Civil Rights Act of 1964. Plaintiff is accordingly entitled to recover from Exeltis her actual damages, compensatory damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

20. For cause of action, subject to the passage of 180 days from the filing by Plaintiff of a charge and amended charge of discrimination on October 2, 2019 and October 3, 2019 asserting claims of discrimination and retaliation under the Texas Labor Code, or issuance by the Texas Workforce Commission of a notice of right to file civil action with respect to such claims, Plaintiff would show that she was subjected to discrimination and retaliation in violation of the Texas Labor Code. Plaintiff is accordingly entitled to recover from Exeltis her actual damages, compensatory damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

21. For cause of action, Plaintiff would show that she was subjected to slander per se by Beardslee. Plaintiff is accordingly entitled to recover from Beardslee and Exeltis her actual damages, including compensatory damages, punitive damages, prejudgment interest and costs of court.

22. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which she is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF