IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANICE OUHRABKA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00215-RWS |
| | § | |
| EXELTIS USA, INC. and MARC | § | |
| BEARDSLEE, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference **[May 4, 2020]**, each party shall disclose to every other party the following information:

   (a)  The correct names of the parties to the lawsuit;

   (b)  The name, address, and telephone number of any potential parties;

   (c)  The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d)  The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

   (e)  Any indemnity and insuring agreements under which any person or entity carrying

on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     Any settlement agreements relevant to the subject matter of this action;

(g)     Any witness statements described in Tex. R. Civ. P. 192.3(h);

(h)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(i)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

(j)     For any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a.     The expert's name, address, and telephone number;

    b.     The subject matter on which the expert will testify;

    c.     If the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        1.     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

    d.     The disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.for all other experts, the general substance of the expert's mental

impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

e.      Any party shall be excused from furnishing an expert report of treating physicians.

2.      **Protective Orders.**      The parties have stated that a Protective Order **is** necessary at this time, and the parties will submit a draft of the Court's proposed Protective Order for the Judge's approval.

3.      **Additional Disclosures.**   Each party, within forty-five (45) days after the Scheduling Conference **[May 18, 2020]**, shall provide to every other party the following:

(a)      Copies of all documents, data compilations, and tangible things in the possession, custody, or control of each respective party which are relevant to the pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(b)      A complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c)      Those documents and authorizations described in Local Rule CV-34;

4.    **Discovery Limitations**.  Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with **25 interrogatories, 25 requests for admissions**, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of treating physicians, **two (2) expert witnesses per side,** and twenty (20) additional hours of nonparty depositions per side**.** "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.

5.    **Privileged Information**.  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. Within sixty (60) days after the Scheduling Conference **[June 2, 2020]**, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the Scheduling Conference.

6.      **Pre-trial  disclosures**. Each party  shall  provide  to every  other  party regarding  the evidence  that the disclosing  party may present at trial as follows:

(a)      The name and, if not previously  provided,  the address  and telephone  number, of each witness,  separately  identifying  those  whom  the party  expects  to present at trial  and  those whom the party may call if the need arises.

(b)      The  designation  of those witnesses  whose testimony  is expected  to be presented  by means of a deposition  and, if not taken stenographically,  a transcript  of the pertinent portions of the deposition  testimony.

(c)      An appropriate identification  of each document or other exhibit,  including  summaries   of other evidence,  separately  identifying  those which  the party expects to offer and those which  the party may offer if the need arises.

These  disclosures  shall  be made  at least  30 days before  trial.  Within  14 days thereafter, unless  a different  time is specified  by the court, a party may serve and file a list disclosing (1) any objections  to the use under Rule  32(a) of a deposition  designated  by another  party under subparagraph  (B) and (2) any objections,  together  with the grounds  therefor, that may be made to the admissibility  of materials  identified  under subparagraph  (C). Objections  not  so disclosed,  other  than  objections  under  Rules  402  and  403  of the  Federal  Rules  of Evidence,  shall  be deemed  waived  unless  excused  by the court for good cause shown.

7.      **Signature.** The disclosures  required  by this order shall be made in writing  and signed  by the party  or counsel  and  shall  constitute  a certification  that,  to  the  best  of  the  signer's knowledge,  information  and belief,  such disclosure  is complete  and correct  as of the time it is made.  If feasible,  counsel  shall  meet to exchange  disclosures  required  by this  order; otherwise,  such disclosures  shall  be served  as provided  by Fed. R. Civ. P. 5. The parties

shall promptly file a notice with the court that the disclosures required under this order have taken place.

8.   **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.   **Disputes.**

(a)   Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b)   In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by

telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(c)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**So ORDERED and SIGNED this 16th day of April, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE